UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT OSTERHOUDT,

                              Plaintiff,

v.                                             Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. That Plaintiffs' cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to their federal cause of action.  As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff Robert Osterhoudt is a natural person residing in the County of Chautauqua and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

8. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. Defendant regularly attempts to collect debts alleged to be due another.

16. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

17. That Plaintiff incurred a debt for a hospital bill. This debt will be referred to as "the subject debt."

18. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. That Plaintiff thereafter defaulted on the subject debt.

20. That upon information and belief Defendant was employed by current creditor to collect on the subject debt.

21. That in or about February 2009, Plaintiff received a telephone call from Defendant on his cellular telephone. Plaintiff explained to Defendant that contacting him on his cell phone was inconvenient and requested Defendant discontinue such contact. That despite Plaintiff's requests Defendant continued to call Plaintiff's cell phone, and leave pre-recorded/automated messages on Plaintiff's voicemail.

22. That on or about April 2009, Plaintiff's fiancé received a call from Defendant NCO. In the subject call Defendant explained they were looking for Plaintiff because he owed a debt. Prior to this call Plaintiff's fiancé was unaware that Plaintiff owed a debt. Plaintiff's fiancé explained that it was not Plaintiff's telephone and requested that they stop calling her cell phone.

23. That on or about May 2009, despite Plaintiff's fiancé's request, Defendant continued to call her cellular phone. Plaintiff's fiancé received additional calls on or about June 2009.

24. That in or about January 2010, Defendant again began calling Plaintiff multiple times a week, leaving pre-recorded/automated messages on Plaintiff's cell phone.

25. That Defendant continued to leave pre-recorded/automated messages on Plaintiff's cell phone after Plaintiff revoked his consent for Defendant to contact him on his cell phone.

26. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

27. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

28. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692d by continuing to call Plaintiff's cell phone after being requested they stop, despite Plaintiff informing Defendant that said calls were inconvenient and costly.

   B. Defendant violated 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) by disclosing to Plaintiff's fiancé that Plaintiff owed a debt.

   C. Defendant violated 15 U.S.C. §1692b(3) by continuing to contact Plaintiff's fiancé, a third party, without being requested they do so.

29. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

30. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

31. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone service and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

32. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

34. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

35. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

37. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B);

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3);

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: February 19, 2010

/s/ Seth Andrews
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         sandrews@kennethhiller.com

5